UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY J. QUIGLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>VERIZON WIRELESS, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-11-6212 EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket No. 7)** |

Plaintiff Rodney J. Quigley filed suit against multiple defendants. Currently pending before the Court is a motion to dismiss filed by Convergent Resources, Inc. and ER Solutions, Inc., now known as Convergent Outsourcing, Inc. (collectively, "Convergent Defendants"). For the reasons stated on the record, as amplified herein, the Court hereby **GRANTS** the motion.

In addition to the fact that the complaint as drafted does not contain any allegation against the Convergent Defendants, the following claims are dismissed with prejudice.

(1) Mail and wire fraud. There is no private right of action for mail or wire fraud. *See Ross v. Orange County Bar Ass'n*, 369 Fed. Appx. 868, 869 (9th Cir. 2010) (citing *Wilcox v. First Interstate Bank*, 815 F.2d 522, 533 n.1 (9th Cir. 1987); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 407-08 (8th Cir. 1999) ("agree[ing] with the Fifth and Sixth Circuits and hold[ing] that Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes"); *Cobb v. Consunji*, No. C-11-02496 DMR, 2011 U.S. Dist. LEXIS 109704, at *10 (N.D. Cal. Sept. 27, 2011) (noting that "courts have consistently found that the mail and wire fraud statutes do not confer a private right of action").

(2) Extortion. The claim for extortion based on Arizona Revised Statute § 13-804(A)(6) is not viable because it has been deemed unconstitutional by courts in Arizona. *See State of Ariz. v. Weinstein*, 898 P.2d 513 (Ct. App. Ariz. 1995); *Rolle v. Law Office of Samuel Streeter, PLLC*, No. CIV 08-274-TUC-CKJ, 2010 U.S. Dist. LEXIS 26174 (D. Ariz. Mar. 2, 2010).

(3) RICO. The predicate illegal acts for the RICO claim are (a) extortion under the Arizona statute discussed above and (b) mail and wire fraud, neither of which is viable as discussed above. To the extent Mr. Quigley has, in his reply brief, suggested that his RICO claim also rests on a violation of the FCRA or FDCPA, *see* Opp'n at 3, he would fare no better because a violation of the FCRA or FDCPA is not a predicate act under the applicable RICO statute. *See* 18 U.S.C. § 1961(1) (defining "racketeering activity").

(4) FCRA. For the FCRA claim, Mr. Quigley conceded that the Convergent Defendants did not themselves report any information to the credit reporting agencies.

This leaves only the claim for violation of the FDCPA. This claim is dismissed without prejudice because it is not clear from the allegations in the complaint that the Convergent Defendants either *received* his letter of April 11, 2010, or *sent* the letter of September 11, 2011. Mr. Quigley has leave to amend his FDCPA claim. In his amendment, Mr. Quigley must be sure to:

(1) identify what role the Convergent Defendant played with respect to the events at issue (*e.g.*, debt collector for Verizon);

(2) specify whether he sent his letter of April 11, 2010, to a Convergent Defendant;

(3) specify whether the letter of September 11, 2011, was sent by a Convergent Defendant; and

(4) include allegations showing that the communication from a Convergent Defendant does *not* fall within one of the three exceptions identified in 15 U.S.C. § 1692c(c). *See* 15 U.S.C. § 1692c(c)(1)-(3) (allowing a debt collector to communicate with a consumer under the following circumstances: "(1) to advise the consumer that the debt collector's further efforts are being terminated"; "(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor"; or "(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy").

In addition, Mr. Quigley is advised that, as a general matter, "a parent corporation will not be liable for the acts of its subsidiaries, absent some theory upon which the parent may be made accountable (e.g., agency, alter ego, etc.)." *Operating Eng'rs & Pension Trust Fund v. Western Power & Equip. Corp.*, No. C 10-4460 PJH, 2011 U.S. Dist. LEXIS 32349, at *2 (N.D. Cal. Mar. 28, 2011). Accordingly, if Mr. Quigley intends to name Convergent Resources or another parent company of Convergent Outsourcing as a defendant, he must further include in his complaint allegations evidencing a basis for parent liability.

Mr. Quigley shall have until **March 28, 2012**, to file an amended complaint in accordance with this order. As noted above, Mr. Quigley has leave to amend only his claim for violation of the FDCPA. The other claims are all dismissed with prejudice.

The initial case management conference shall take place on **May 18, 2012**, at 9:00 a.m.

This order disposes of Docket No. 7.

IT IS SO ORDERED.

Dated: February 28, 2012

_____
EDWARD M. CHEN
United States District Judge

3