1   Craig J. Mariam (SBN: 225280)
    Michelle J. Wells (SBN: 279967)
2   Gordon & Rees LLP
    633 W. 5th Street, Ste. 5200
3   Los Angeles, CA 90071
    Telephone: (213) 576-5000
4   Facsimile: (877) 306-0043
    cmariam@gordonrees.com
5   mwells@gordonrees.com

6   Attorneys for defendants
    Convergent Outsourcing, LLC f/k/a ER Solutions, Inc., Convergent Resources, Inc.,
7   Convergent Resources Holdings, LLC, Silver Oak Services Partners, LLC

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO COURTHOUSE

11  RODNEY J. QUIGLEY,                    )  CASE NO.  C-11-06212-EMC
                                          )
12                    Plaintiff,          )  **DEFENDANTS CONVERGENT
                                          )  RESOURCES, INC. F/K/A ER
13       vs.                              )  SOLUTIONS, INC., CONVERGENT
                                          )  OUTSOURCING, LLC,
14  CONVERGENT RESOURCES, INC., ER        )  CONVERGENT RESOURCES
    SOLUTIONS, INC., CONVERGENT           )  HOLDINGS, LLC, AND SILVER
15  OUTSOURCING, LLC, CONVERGENT          )  OAK SERVICES PARTNERS,
    RESOURCES HOLDINGS, LLC, SILVER OAK   )  LLC'S NOTICE OF MOTION AND
16  SERVICES PARTNERS, LLC, CELLCO        )  MOTION TO DISMISS
    PARTNERSHIP, CBCINNOVIS, INC., AND DOES )  PLAINTIFF'S COMPLAINT;
17  1-99,                                 )  MEMORANDUM OF POINTS AND
                                          )  AUTHORITIES IN SUPPORT
18                    Defendants.         )  THEREOF
                                          )
19                                        )  [Fed. R. Civ. P. 12(b)(6)]
                                          )
20                                        )  [Proposed] Order lodged
                                          )
21                                        )  Date:    May 18, 2012
                                          )  Time:    1:30 p.m.
22                                        )  Room:  5
                                          )  Judge:  Hon. Edward M. Chen
23  _____  )**

24       **TO THIS HONORABLE COURT, TO PLAINTIFF, AND TO ALL PARTIES AND**

25  **THEIR ATTORNEYS OF RECORD:**

26       **PLEASE TAKE NOTICE** that on May 18, 2012 at 1:30 p.m., or as soon thereafter as

27  the matter may be heard in Courtroom 5 of the above-entitled Court, located at 450 Golden Gate

28  Avenue, San Francisco, CA 94102 before the Honorable Edward M. Chen, United States District

1    Judge, defendants Convergent Outsourcing, Inc., formerly known as ER Solutions, Inc. ("ERS"),

2    Convergent Resources, Inc., Convergent Resources Holdings, LLC, and Silver Oak Services

3    Partners, LLC will and hereby do respectfully move this Court for an order dismissing plaintiff's

4    complaint without leave to amend.

5           This motion is made pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) on the

6    grounds that plaintiff fails to state claims upon which relief can be granted.  Specifically:

7           1.      Plaintiff's first and second claims for violation of the Fair Debt Collection

8    Practices Act ("FDCPA"), 15 U.S.C. 1692b(3) and 1692c(b), fail to state a claim upon which

9    relief can be granted because plaintiff's own allegations establish that the calls to plaintiff's son

10   are authorized under the FDCPA for the purpose of obtaining location information.

11          2.      Plaintiff's third claim for violation of the FDCPA, 15 U.S.C. § 1692e(2) & (8),

12   fails to state a claim upon which relief can be granted because plaintiff's allegations do not

13   establish that defendant Convergent Outsourcing knowingly made any false representations

14   regarding plaintiff's principal debt to Cellco Partnership.

15          3.      Plaintiff's fourth claim for violation of the FDCPA, 15 U.S.C. § 1692f, fails to

16   state a claim upon which relief can be granted because plaintiff's allegations fail to demonstrate

17   any unfair or unconscionable conduct by Convergent Outsourcing.

18          4.      Plaintiff's fifth claim for violation of the FDCPA, 15 U.S.C. § 1692g, fails to state

19   a claim upon which relief can be granted because plaintiff's allegations and exhibits establish

20   that Convergent Outsourcing was not required to provide debt validation.

21          5.      Plaintiff's sixth claim for violation of the Rosenthal Act, California Civil Code

22   section 1788, fails to state a claim upon which relief can be granted because this claim is

23   derivative of the FDCPA, and plaintiff cannot establish a violation of the FDCPA.

24          6.      Plaintiff's seventh claim for violations of A.R.S. § 32-1053(3) and A.A.C. R20-4-

25   1511 fail to state a claim upon which relief can be granted because this statute and regulation are

26   for the purposes of government licensing and do not provide for a private right of action.

27          This motion is based upon this notice of motion and motion, the accompanying

28   memorandum of points and authorities, and all pleadings, papers, and records on file in this

-2-

1   action, deemed to be on file, or of which this Court may take judicial notice as of the time the

2   motion is heard, and upon such further oral argument and documentary evidence as may be

3   presented at the time of the hearing.

4

5   Dated: April 9, 2012                                 Respectfully submitted,

6                                                        GORDON & REES LLP

7                                                        by  /s/ Craig J. Mariam

8                                                        Craig J. Mariam
                                                         Michelle J. Wells
9                                                        Attorneys for defendants
                                                         Convergent Outsourcing, LLC, f/k/a ER
10                                                       Solutions, Inc., Convergent Resources,
                                                         Inc., Convergent Resources Holdings,
11                                                       LLC, Silver Oak Services Partners, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

## TABLE OF CONTENTS

PAGE

I.    INTRODUCTION .................................................................................................1

II.   RELEVANT FACTS ...........................................................................................1

    A.   The "Convergent Defendants"...................................................................1

    B.   Plaintiff's Initial Contract with Cellco......................................................2

    C.   The Alleged Collection Activities by the Convergent Defendants............2

    D.   Plaintiff's Claims Against the Convergent Defendants .............................3

III.  LEGAL STANDARD ON MOTION TO DISMISS UNDER RULE 12(B)(6)................4

IV.   ARGUMENT .....................................................................................................5

    A.   Plaintiff's Complaint Against Convergent Resources, Inc., Convergent
       Resources Holdings, LLC, and Silver Oak Services Partners, LLC Must
       Be Dismissed Because Plaintiff Fails to Identify a Basis for Parent
       Liability.......................................................................................................5

    B.   Plaintiff's Claims Under Section 1692b(3) and 1692c(b) Should Be
       Dismissed Because the Alleged Calls to Plaintiff's Son Are Authorized by
       the FDCPA..................................................................................................7

       1.   Plaintiff's Section 1692b(3) Claim Fails Because This Section
           Authorizes Subsequent Contact Where the Earlier Response Was
           Erroneous or Incomplete................................................................7

       2.   Plaintiff's Claim for Violation of Section 1692c(b) Also Fails
           Because the Conduct Alleged Is Authorized Under Section 1692b. ...........8

    C.   Plaintiff's Subsection e(2) and e(8) Claims Fail Because Plaintiff's Theory
       Has Been Rejected by District Courts, ERS Did Not Knowingly
       Misrepresent a Debt, and ERS Was Entitled to Rely on the Information
       Provided by Cellco.....................................................................................8

       1.   Plaintiff's Theory of Liability Based on a False Underlying Debt Is
           Not Recognized by FDCPA Case Law.........................................8

       2.   Plaintiff's 1692e Claim Fails Because ERS Did Not Knowingly
           Misrepresent a Debt. .....................................................................9

       3.   Plaintiff's Section 1692e Claim Fails Because Plaintiff's
           Allegations Show That ERS Relied on Cellco's Debt Information..........10

       4.   Plaintiff's Section 1692e(8) Claim Fails for the Same Reasons as
           the 1692e(2) Claim and Because All of ERS's Communications
           Occurred Before Receipt of Plaintiff's Dispute Letter. ............................10

    D.   Plaintiff's Section 1692f Claim Fails Because Plaintiff Has Alleged No
       Facts as to How ERS's Collection Activities Were Unfair or
       Unconscionable.........................................................................................11

E.     Plaintiff's Section 1692g Claim Fails Because ERS's Initial
Communication with Plaintiff Provided the Requisite Debt Notices. ...................12

F.     Because Plaintiff's Rosenthal Act Claim is Derivative of the FDCPA, and
Because Plaintiff Cannot Establish Any Viable FDCPA Claim, the
Rosenthal Act Claim Should Be Dismissed............................................................13

G.     Plaintiff's Claims Based on Arizona Law Should be Dismissed Because
They Do Not Provide for a Private Right of Action. .............................................13

H.     Plaintiff's First Amended Complaint Should Be Dismissed Without Leave
to Amend...............................................................................................................15

V.     CONCLUSION................................................................................................................15

# TABLE OF AUTHORITIES

**PAGE**

## Cases

*Allen v. City of Beverly Hills*,
   911 F.2d 367 (9th Cir. 1990) .......................................................................... 15

*American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert*,
   94 F.3d 586 (9th Cir. 1996) ............................................................................ 5

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) .................................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 554 (2007) ........................................................................................ 4

*Bleich v. Revenue Maximization Group, Inc.*,
   233 F. Supp. 2d 496 (E.D.N.Y. 2002) ........................................................... 9

*Bowoto v. Chevron Texaco Corp.*,
   312 F.Supp.2d 1229 (N.D. Cal. 2004) ........................................................... 5

*Calvert v. Huckins*,
   875 F.Supp. 674 (E.D. Cal. 1995) ................................................................. 5

*Clark v. Capital Credit & Collection Services, Inc.*,
   460 F.3d 1162 (9th Cir. 2006) ........................................................................ 9

*Cline v. Industrial Maintenance Eng'g & Contr. Co.*,
   200 F.3d 1223 (9th Cir. 2000) .................................................................... 7, 9

*Colberg v. Rellinger*,
   770 P.2d 346 (Ariz. Ct. App. 1988) ............................................................. 14

*Daniel v. Asset Acceptance, L.L.C.*,
   2007 U.S. Dist. LEXIS 78763 (E.D. Mich. Oct. 23, 2007) .......................... 8

*Ducrest v. Alco Collections, Inc.*,
   931 F. Supp. 459 (M.D. La. 1996) ................................................................. 9

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*,
   2012 U.S. Dist. LEXIS 28865 (N.D. Cal. Mar. 5, 2012) .............................. 6

*Kendall v. Visa U.S.A., Inc.*,
   518 F.3d 1042 (9th Cir. 2008) ...................................................................... 15

*Makreas v. Moore Law Group, A.P.C.*,
   2011 U.S. Dist. LEXIS 117233 (N.D. Cal. Oct. 11, 2011) .......................... 13

*McStay v. I.C. Sys.*,
   174 F. Supp. 2d 42 (S.D.N.Y. 2001) ........................................................... 10

*Neilson v. Union Bank of Cal., N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ......................................................... 6

*Rolle v. Law Office of Samuel Streeter, PLLC*,
   2010 U.S. Dist. LEXIS 26174 (D. Ariz. Mar. 1, 2010) .............................. 14

-iii-

*Shade v. Bank of Am.*,
  2009 U.S. Dist. LEXIS 119320 (E.D. Cal. Dec. 22, 2009) ...................................................... 6

*Smile Care Dental Group v. Delta Dental Plan of Cal., Inc.*,
  88 F.3d 780 (9th Cir. 1996) ...................................................... 4

*Smith v. Transworld Systems, Inc.*,
  953 F.2d 1025 (6th Cir. 1992) ...................................................... 9

*St. Clare v. Gilead Sciences, Inc. (In re Gilead Sciences Sec. Litig.)*,
  536 F.3d 1049 (9th Cir. 2008) ...................................................... 4

*Stonehart v. Rosenthal*,
  2001 U.S. Dist. LEXIS 11566 (S.D.N.Y. Aug. 13, 2001) ...................................................... 9, 10

*Taylor v. Midland Credit Mgmt.*,
  2008 U.S. Dist. LEXIS 14328 (W.D. Mich. Feb. 26, 2008) ...................................................... 10

*Wahl v. Midland Credit Mgmt.*,
  2008 U.S. Dist. LEXIS 2563 (N.D. Ill. Jan. 10, 2008) ...................................................... 10

*Wood v. Midland Credit Mgmt.*,
  2005 U.S. Dist. LEXIS 31923 (C.D. Cal. July 29, 2005) ...................................................... 11

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) ...................................................... 15

**Statutes**

15 U.S.C. section 1692b ...................................................... 8

15 U.S.C. section 1692b(3) ...................................................... 3, 7

15 U.S.C. section 1692c(b) ...................................................... 3, 7, 8

15 U.S.C. section 1692e ...................................................... 8, 9, 11

15 U.S.C. section 1692e(2) ...................................................... 3, 9, 10

15 U.S.C. section 1692e(8) ...................................................... 3, 10

15 U.S.C. section 1692f ...................................................... 3, 11

15 U.S.C. section 1692g ...................................................... 3, 11, 12, 13

15 U.S.C. sections 1692b - 1692j ...................................................... 13

5 U.S.C. section 706 ...................................................... 14

Arizona Revised Statute section 32-1051 ...................................................... 14

Arizona Revised Statute section 32-1051(3) ...................................................... 14

Arizona Revised Statute section 32-1053 ...................................................... 4

-iv-

Arizona Revised Statute section 32-1053(3) .......................................................................... 13, 14

Arizona Revised Statute section 32-1056 .................................................................................. 14

Arizona Revised Statute section 41-1047 .................................................................................. 14

California Civil Code section 1788............................................................................................... 4

California Civil Code section 1788.17........................................................................................ 13

**Rules**

Federal Rule of Civil Procedure rule 12(b)(6) ............................................................................. 4

**Regulations**

Arizona Administrative Code R20-4-511 ............................................................................. 4, 14

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      <u>INTRODUCTION</u>**

3

Defendants Convergent Outsourcing, LLC, f/k/a ER Solutions, Inc., Convergent

4

Resources, Inc., Convergent Resources Holdings, LLC, and Silver Oak Services Partners, LLC

5

move to dismiss plaintiff's amended complaint on the basis that it still fails to state any viable

6

claims.  First and foremost, plaintiff has named the parent corporations of Convergent

7

Outsourcing, LLC without any facts to support their liability.  Indeed, the Court warned

8

plaintiff—both at oral argument on defendant's first motion to dismiss and in the Court's order

9

granting the motion to dismiss—to only include such allegations if plaintiff has facts "evidencing

10

a basis for parent liability."  Declaration of Michelle J. Wells ¶ 3; Order, Dkt. No. 42, p. 3:1-7.

11

Plaintiff's inclusion of these defendants is simply without merit.

12

With respect to plaintiff's substantive claims, plaintiff recognizes that his prior Fair Debt

13

Collection Practices Act ("FDCPA") claim for unlawful contact lacked merit and has abandoned

14

this claim in his amended complaint.  Instead, plaintiff now alleges other FDCPA violations,

15

which are all equally without merit, as discussed herein.  Having committed no FDCPA

16

violations, plaintiff's Rosenthal Act claim is also infirm.  Finally, plaintiff has also alleged

17

violations of Arizona licensing statutes, which do not create a private right of action.  For these

18

reasons, plaintiff's amended complaint once again fails to state any viable cause of action, and

19

defendants request that plaintiff's complaint be dismissed in its entirety without leave to amend.

20

**II.      <u>RELEVANT FACTS</u>**

21

**A.      <u>The "Convergent Defendants"</u>**

22

Plaintiff's complaint initially included three groups of defendants pertaining to the

23

collection of three different debts.  However, his amended complaint only includes allegations

24

against what he calls the "Convergent defendants," which relate to his Verizon Wireless cell

25

phone service.  First Amended Complaint ("FAC") ¶ 15-16.  According to plaintiff, the

26

Convergent defendants consist of the following:

27

1.      Convergent Outsourcing, Inc, formerly known as ER Solutions, Inc. (which

28

plaintiff labels as "a Washington corporation initially engaged as a collection agent for Cellco

-1-

1   Partnership");

2        2.    Convergent Resources Holdings, LLC;

3        3.    Silver Oak Services Partners LLC;

4        4.    Cellco Partnership dba "Verizon Wireless";

5        5.    CBCInnovis, Inc.; and

6        6.    and DOES 1-99.[1]

7        For the purposes of this motion, the above-listed defendants will be referred to

8   collectively as the "Convergent defendants" when plaintiff has referred collectively to said

9   defendants.  For ease of reference, Verizon Wireless will be referred to as Cellco in accord with

10  plaintiff's allegations, and Convergent Outsourcing, LLC will be referred to as ERS, its prior

11  business name.

12  **B.**    **Plaintiff's Initial Contract with Cellco**

13       Plaintiff alleges that, on August 20, 2008, he contracted with Cellco (dba Verizon

14  Wireless) for twenty-four (24) months of wireless services at a rate of $160/month.  FAC ¶ 15.

15  Plaintiff contends, in or around August 2009, Cellco began to charge plaintiff an additional

16  $20/month, which was not permitted under the contract and was not requested by plaintiff.  FAC

17  ¶¶ 17-19.   Plaintiff demanded that Cellco remove the additional charges, but Cellco refused.

18  FAC ¶ 19.  When plaintiff refused to pay the additional $20/month, Cellco sent plaintiff a letter

19  in October 2009, allegedly threatening to terminate plaintiff's wireless telephone services and

20  demanding the $67.75 in unpaid charges that had accrued between August 2009 and October

21  2009.  FAC ¶ 21.  Plaintiff refused to pay the $67.75 and terminated Cellco.  FAC ¶ 23.

22  **C.**    **The Alleged Collection Activities by the Convergent Defendants**

23       In February 2010, after plaintiff terminated his Cellco contract, plaintiff claims he

24  received a demand letter from an entity who is not a party to this action, North Shore Agency on

25  behalf of Cellco, seeking to collect a debt in the amount of $467.75.  FAC ¶ 27.  Following that

26  initial contact, between February and April of 2010, plaintiff claims that ER Solutions engaged

27

28      
_____
[1] *See* FAC ¶ 5.  While plaintiff captions his amended complaint as including allegations against Cellco and CBCInnovis, plaintiff's complaint states that he does "not expect either entity to be served FAC [sic] under terms of their respective settlement agreements."  FAC, p. 1:23-25.

in the following collection-related activities:

      1.     calling plaintiff's son on five (5) different occasions (February 11, March 4, April 5, April 7, and April 8, 2010), seeking information about plaintiff in order to collect the debt owed to Cellco (FAC ¶¶ 28-29, 32, 34-35);

      2.     sending plaintiff a demand letter for $551.94 on April 5, 2010 (FAC ¶ 31);

      3.     reporting a "derogatory tradeline" to credit reporting agency Experian in April 2010 and continuing those "false derogatory tradelines" without any indication that the amount was disputed by plaintiff (FAC ¶ 30, 33, 50); and

      4.     calling plaintiff on April 10, 2010, during which call plaintiff demanded ERS cease contact with plaintiff (FAC ¶ 36).

On April 11, 2010, plaintiff contends that he sent all of the Convergent defendants a letter demanding claim verification and a cessation of contact.  FAC ¶ 37.  Following that letter, plaintiff did not receive any communications from any of the Convergent Defendants until September 16, 2011 when he received a "collection letter from **CBC** offering a 'settlement'" of the claim.  FAC ¶ 44 (emphasis added).

**D.**    <u>**Plaintiff's Claims Against the Convergent Defendants**</u>

Plaintiff alleges seven claims against the Convergent Defendants arising out of alleged violations of the following statutes:

      1.     FDCPA, 15 U.S.C. § 1692b(3), for unlawfully seeking debtor location information from a third party (FAC ¶¶ 51-67);

      2.     FDCPA, 15 U.S.C. § 1692c(b), for unlawful contact with a third party regarding a consumer debt (FAC ¶¶ 68-73);

      3.     FDCPA, 15 U.S.C. § 1692e(2) & (8), for the false representation and communication regarding a consumer debt (FAC ¶¶ 74-84; 85-93);

      4.     FDCPA, 15 U.S.C. § 1692f, prohibiting the use of unfair or unconscionable methods to collect a debt (FAC ¶¶ 94-101);

      5.     FDCPA, 15 U.S.C. § 1692g, for failure to provide debt validation upon request by the debtor (FAC ¶¶ 74-84);

6.      Rosenthal Act, California Civil Code § 1788 et seq., for violations of the FDCPA (FAC ¶¶ 102-108); and

7.      Arizona Revised Statute § 32-1053 and Arizona Administrative Code R20-4-511, which statute and regulation pertain to the licensing of debt collection agencies (FAC ¶¶ 102-108).

As a result of these alleged violations, plaintiff claims he has suffered damage to his reputation and credit rating.  FAC ¶¶ 66, 72, 83, 92, 100, 107.

### III.      LEGAL STANDARD ON MOTION TO DISMISS UNDER RULE 12(B)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted."  A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or a plaintiff fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *Smile Care Dental Group v. Delta Dental Plan of Cal., Inc*., 88 F.3d 780, 783 (9th Cir. 1996).  The Court must decide whether a plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 570.

The court in *Twombly* stressed the dangers of permitting costly litigation to proceed based on speculation and conclusory allegations and held that a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  To avoid dismissal, a complaint must do more than "plead[] facts that are 'merely consistent with' a defendant's liability," rather, a plaintiff must set forth enough factual information to make it "plausible," not merely "possible," that the defendant is liable.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A dismissal is proper either where there is a "lack of a cognizable legal theory" or "insufficient facts under a cognizable legal theory."  *Id.*  Moreover, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *St. Clare v. Gilead Sciences, Inc. (In re Gilead Sciences Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    ARGUMENT

Defendants again move to dismiss plaintiff's complaint on the grounds that it improperly names parent corporations without a good faith basis for doing so.  Plaintiff's amended complaint abandons his previous FDCPA claim, but alleges a host of new FDCPA claims which are not supported by the facts.  Further, plaintiff's Arizona law claims are based on licensing statutes and regulations which do not provide a private right of action.   In sum, plaintiff's amended complaint fails to state any viable claim against the Convergent defendants, and the complaint should be dismissed without leave to amend.

**A.    Plaintiff's Complaint Against Convergent Resources, Inc., Convergent Resources Holdings, LLC, and Silver Oak Services Partners, LLC Must Be Dismissed Because Plaintiff Fails to Identify a Basis for Parent Liability.**

It is black letter law that "[t]he law allows corporations to organize for the purpose of isolating liability of related corporate entities. . . . Only in unusual circumstances will the law permit a parent corporation to be held either directly or indirectly liable for the acts of its subsidiary." *Bowoto v. Chevron Texaco Corp.*, 312 F.Supp.2d 1229, 1234 (N.D. Cal. 2004).  To satisfy the alter ego exception to the general rule that a subsidiary and a parent corporation are separate entities, the plaintiff must make out a *prima facie* case: "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996).  The first prong of this test has alternately been stated as requiring a showing that the parent controls the subsidiary "to such a degree as to render the latter the mere instrumentality of the former."  *Calvert v. Huckins*, 875 F.Supp. 674, 678 (E.D. Cal. 1995).

Plaintiff's allegations that the Convergent defendants "are collectively agents, alter egos, business partners, subsidiaries, parent companies, assigns and/or co-conspirators with one another" and that "ER's day-to-day operations are closely controlled and managed by Silver Oak Services partners and/or its immediate parent company Convergent Resources Holdings, LLC" do not come close to satisfying the pleading requirements of the alter ego exception.  FAC ¶¶ 5(a), 10; *see Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal.

2003) ("Conclusory allegations of 'alter ego' status are insufficient to state a claim."); *Shade v. Bank of Am.*, 2009 U.S. Dist. LEXIS 119320, at *9-10 (E.D. Cal. Dec. 22, 2009) ("Plaintiff has failed to show how Bank of America is liable under an alter ego theory, as there are no allegations establishing that relationship or explaining how [the subsidiary] and the Bank operated as a single entity.").[2]  In fact, plaintiff's alter ego allegations are contradictory—on the one hand, plaintiff alleges that ERS's operations are *closely* controlled and managed by its corporate parents, while on the other hand, plaintiff alleges that Silver Oak has *distanced* itself from its wholly-owned subsidiaries.  FAC ¶¶ 5(a), 11.  Plaintiff can't have it both ways. Moreover, plaintiff hasn't met the second prong of the alter ego exception in that he has failed to state how it would be "inequitable" for ERS's parent corporations—who are not alleged to have committed any of the conduct complained of here—to be exempted from liability.

As a result, plaintiff's claims for violation of the FDCPA, the Rosenthal Act, and the Arizona licensing statutes should be dismissed with prejudice because there are no *factual* allegations against Convergent Resources, Inc., Convergent Resources Holdings, LLC, and Silver Oak Services Partners, LLC set forth in the complaint, and the conclusory legal allegations of alter ego liability do nothing to overcome the basic rule exempting parent corporations from liability for the conduct of their subsidiaries.  Amendment on this issue would be futile.

/ / /

/ / /

---

[2] The Northern District's recent decision in *Eclectic Props. East, LLC* is illustrative of the high hurdle that must be overcome to show alter ego liability: "Plaintiffs allege a unity of interest and ownership between all of the M&M and Sovereign companies based on the alleged facts that they occupy the same company headquarters, share the same principals, share many of the same employees and agents, and share the same corporate philosophy and operating principles.  M&M owns 100% of the stock of both M&M Investment and Sovereign Investment. In addition, plaintiffs allege that the co-founders and co-chairmen of M&M, George Marcus and William Millichap, are the registered principals of both M&M Investment and Sovereign Investment. Plaintiffs further allege that M&M Real Estate is the alter ego of M&M Investment and M&M, and that these entities also occupy the same corporate headquarters, share many of the same employees and agents, and share the same corporate philosophy and operating principles. In addition, the M&M Brokers allegedly identified themselves to plaintiffs as employees of 'Marcus and Millichap,' although many of them were employed by one of the subsidiaries. Plaintiffs allege that the marketing materials refer to the companies interchangeably, and that as a result, plaintiffs had no way of knowing with which M&M entity they were dealing. ***These allegations are not sufficient to plead alter ego liability*****.**"  *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 2012 U.S. Dist. LEXIS 28865, at *16-17 (N.D. Cal. Mar. 5, 2012) (citations removed).

-6-

**B.** **Plaintiff's Claims Under Section 1692b(3) and 1692c(b) Should Be Dismissed Because the Alleged Calls to Plaintiff's Son Are Authorized by the FDCPA.**

Section 1692b(3) and section 1692c(b) of the FDCPA both pertain to the unconsented and unlawful contact of third parties in connection with the collection of a consumer debt. However, those sections fail to create liability here because plaintiff's allegations show that the calls to plaintiff's son were for the purpose of obtaining location information due to incomplete previous responses from plaintiff's son.  *See* FAC ¶¶ 28-29, 32, 34-35.

      **1.** **Plaintiff's Section 1692b(3) Claim Fails Because This Section Authorizes Subsequent Contact Where the Earlier Response Was Erroneous or Incomplete.**

Section 1692b(3) of the FDCPA states that:  "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . not communicate with any such person more than once unless requested to do so by such person or *unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information*."  15 U.S.C. § 1692b(3) (emphasis added).  Under this section, a debt collector is explicitly authorized to call a third party more than once to obtain location information if the earlier response(s) was erroneous or incomplete.  *Id.*

As plaintiff's own allegations make clear here, ERS believed it received *incomplete* information from plaintiff's son on the first call and subsequently sought the "same information about [plaintiff] as the previous calls."  FAC ¶ 32.  Indeed, plaintiff effectively pleads himself out of court on this FDCPA claim by alleging that the reason for the alleged four further telephone calls was to locate plaintiff's location information in each call.  FAC ¶¶ 28-29, 32, 34-35; *Cline v. Industrial Maint. Eng'g & Contr. Co.*, 200 F.3d 1223, 1232 (9th Cir. 2000) (stating that a plaintiff can plead himself out of court by pleading facts contrary to his claim).  Thus, plaintiff's allegations regarding phone calls to his son, which plaintiff admits were all for the purpose of obtaining his location information, are in accordance with the FDCPA as subsequent location attempts where the earlier response is erroneous or incomplete.

/ / /

1

2         **2.     Plaintiff's Claim for Violation of Section 1692c(b) Also Fails Because the Conduct Alleged Is Authorized Under Section 1692b.**

3       Section 1692c(b) is also aimed at preventing unlawful contact with third parties regarding

4  a consumer debt and it provides: "***Except as provided in section 804***, without the prior consent

5  of the consumer given directly to the debt collector, . . . a debt collector may not communicate,

6  in connection with the collection of any debt, with any person other than a consumer . . . ." 15

7  U.S.C. § 1692c(b) (emphasis added).  Section 804 is codified at 1692b, discussed immediately

8  above.  Thus, contact with someone other than the debtor to obtain location information is not

9  prohibited by Section 1692c(b).  Because contact with plaintiff's son was lawful under the

10 FDCPA for the purpose of obtaining debtor location information pursuant to 1692b, plaintiff's

11 1692c(b) claim fails as well.

12 **C.     Plaintiff's Subsection e(2) and e(8) Claims Fail Because Plaintiff's Theory Has Been Rejected by District Courts, ERS Did Not Knowingly Misrepresent a Debt, and ERS Was Entitled to Rely on the Information Provided by Cellco.**

13

14      Section 1692e of the FDCPA makes it unlawful for a debt collector to use any "false,

15 deceptive, or misleading representation or means" to collect a debt.  15 U.S.C. § 1692e.  Plaintiff's

16 claims for violations of section 1692e are premised on plaintiff's belief that the Cellco debt is

17 incorrect, a legal theory which has been rejected by other district courts as the basis for FDCPA

18 liability.  These claims also fail for the very basic reason that ERS did not knowingly

19 misrepresent the debt it was collecting on, and its reliance on the debt information provided by

20 Cellco is authorized by the FDCPA.

21         **1.     Plaintiff's Theory of Liability Based on a False Underlying Debt Is Not Recognized By FDCPA Case Law.**

22

23      As noted above, plaintiff's complaint is premised on the fact that he does not owe

24 anything to Cellco and that ERS was thus seeking to collect on an invalid or incorrect debt (*see,*

25 *e.g.*, FAC ¶¶ 24, 86, 97).  However, this type of argument has been rejected in other district

26 courts.  *Daniel v. Asset Acceptance, L.L.C.*, 2007 U.S. Dist. LEXIS 78763, at *11-13 (E.D. Mich.

27 Oct. 23, 2007) (granting summary judgment for debt collector on § 1692e claims where plaintiff

28 claimed she did not owe the debt); *Bleich v. Revenue Maximization Group, Inc.*, 233 F. Supp. 2d

1    496, 501 (E.D.N.Y. 2002) ("[W]here a debt collector has included appropriate language

2    regarding the FDCPA debt validation procedure, the allegation that the debt is invalid, standing

3    alone, cannot form the basis of a lawsuit alleging fraudulent or deceptive practices in connection

4    with the collection of a debt.").[3]  Indeed, plaintiff relies exclusively on this false debt theory for

5    his section 1692e claims and provides no other facts that the communications from ERS

6    contained false information.  In that his allegations rest solely on his claim that the debt is

7    incorrect, ERS is not alleged to have committed any false or misleading collection activities

8    under the FDCPA.

9         **2.**      **Plaintiff's 1692e Claim Fails Because ERS Did Not Knowingly Misrepresent**

10             **a Debt.**

11       FDCPA section 1692e(2), upon which plaintiff relies, provides that it is a violation of the

12    FDCPA for a debt collector to make a "false representation of . . . the character, amount, or legal

13    status of any debt. . . ."  15 U.S.C. § 1692e.  To successfully state a claim pursuant to section

14    1692e, a plaintiff must show that the debt collector "knowingly or intentionally misrepresented

15    the amount of the debt."  *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162,

16    1175 (9th Cir. 2006) (citations omitted); *see also Stonehart v. Rosenthal*, 2001 U.S. Dist. LEXIS

17    11566, at *22 (S.D.N.Y. Aug. 13, 2001) ("To state a claim under section 1692e(2) of the

18    FDCPA, [plaintiff] must show that [defendant] knowingly misrepresented the amount of the debt

19    . . .") (citing *Ducrest v. Alco Collections, Inc.*, 931 F. Supp. 459, 462 (M.D. La. 1996)).

20    Nowhere in his complaint does plaintiff allege that ERS was *aware* the debt was false or

21    incorrect at time of its collection efforts.

22       Further, plaintiff misapprehends the purpose of this FDCPA section, which is not to

23    impose upon the debt collector an investigation requirement for the underlying debt (*e.g., Smith*

24    *v. Transworld Systems, Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992) ("the statute does not require

25    an independent investigation of the debt referred for collection"), but is rather to ensure that the

26

27

28

---

[3] Additionally, that the debt is false is contradicted by plaintiff's own allegations.  On the one hand, plaintiff repeatedly claims he owes nothing to Cellco, while on the other hand, plaintiff admits he incurred fees from Cellco for early termination of his cell phone contract. (FAC ¶¶ 15 & 23).  Thus, it is doubtful whether plaintiff can actually allege a false debt in good faith.  *Cline v. Industrial Maintenance Eng'g & Contr. Co.*, 200 F.3d 1223, 1232 (9th Cir. 2000) (stating that a plaintiff can plead himself out of court by pleading facts contrary to his claim).

1    amount of the debt sought by the debt collector—not the underlying principal debt—is correctly

2    stated.  *Wahl v. Midland Credit Mgmt.*, 2008 U.S. Dist. LEXIS 2563, at *9-11 (N.D. Ill. Jan. 10,

3    2008) (holding that the "amount of the debt" that must be correctly stated under Section 1692e is

4    the amount of the debt being sought by the debt collector, not the amount of the debt owed to the

5    underlying creditor).

6           **3.      Plaintiff's Section 1692e Claim Fails Because Plaintiff's Allegations Show
                      That ERS Relied on Cellco's Debt Information.**
7

8           Under FDCPA interpretive case law, courts have explicitly approved of a debt collector's

9    reliance on the creditor's statement of the amount owed.  *Stonehart*, at *22 ("A debt collector

10   must be able to rely on representations from his client as to the amount of the debt.  The FDCPA

11   does not require debt collectors to conduct independent investigations of the information

12   provided by clients when collecting a debt.").  Here, the dollar amount of the principal debt ERS

13   sought to collect on is the same as that of Cellco's principal debt ($467.75).  *See* FAC, Exh. A &

14   B.  It is thus clear from plaintiff's complaint (and its exhibits) that ERS relied on the debt

15   information provided to it by Cellco.  *McStay v. I.C. Sys.*, 174 F. Supp. 2d 42, 47 (S.D.N.Y.

16   2001) (finding no FDCPA violation where "the evidence provided by [the collector] indicates

17   that [it] justifiably relied on [the creditor] to set the applicable interest rate"); *Taylor v. Midland

18   Credit Mgmt.*, 2008 U.S. Dist. LEXIS 14328, at *7-9 (W.D. Mich. Feb. 26, 2008) (finding no

19   FDCPA violation where it was "undisputed that [the collector] relied on information about the

20   Debt from Bank One, and that it accurately represented that information in its communications

21   with [plaintiff] and with the credit bureaus").

22          **4.      Plaintiff's Section 1692e(8) Claim Fails for the Same Reasons as the 1692e(2)
                      Claim and Because All of ERS's Alleged Communications Occurred Before
23                    Receipt of Plaintiff's Dispute Letter.**

24          Similar to its earlier counterpart subsection e(2), section 1692e(8) makes it a violation to

25   "[c]ommunicat[e] or threaten[] to communicate to any person credit information which is known

26   or which should be known to be *false*, including the failure to communicate that a disputed debt is

27   disputed."  15 U.S.C. § 1692e(8) (emphasis added).  Thus, subsection e(8) also requires that the debt

28   communicated must be false.  As discussed above, plaintiff has not and cannot allege the *knowing*

*falsity* of the debt for which ERS is alleged to have conducted collection activities.  Further, the final clause of section 1692e(8) (for failure to communicate to any person that a debt is disputed) does not save plaintiff's claim because *all* of the alleged ERS communications (5 phones calls and one letter to plaintiff) occurred *before* plaintiff disputed the debt with ERS by his letter of April 11, 2010.  FAC ¶¶ 28-36.  In that plaintiff does not allege any communications by ERS to a third person after his April 11, 2010 letter (FAC ¶¶ 41-42), he cannot claim that ERS failed to communicate that the debt was disputed.

Overall, there is no basis for plaintiff's section 1692e claims.  Thus, defendants request that the Court dismiss these claims without prejudice.

**D.**     **Plaintiff's Section 1692f Claim Fails Because Plaintiff Has Alleged No Facts as to How ERS's Collection Activities Were Unfair or Unconscionable.**

Section 1692f states that:  "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  Section 1692f provides a list of proscribed activities that constitute unfair practices on behalf of a debt collector.  *Id.*  For his 1692f claim, plaintiff appears to rely on his belief that the debt is false and that ERS had no right to call his son on his cell phone.  FAC ¶¶ 95-97.  However, as discussed above, ERS's alleged actions on these fronts are not in violation of the FDCPA and thus this cause of action is redundant.  *Wood v. Midland Credit Mgmt.*, 2005 U.S. Dist. LEXIS 31923, at *5-6 (C.D. Cal. July 29, 2005) (granting motion to dismiss plaintiff's 1692f claims because they were *redundant* of plaintiff's other FDCPA claims).[4]  Moreover, plaintiff cannot create FDCPA violations by alleging credit reporting violations that are already made civilly punishable under the Fair Credit

_____
[4] The district court in *Wood* wrote:

> The Plaintiff has not alleged that the Defendant's actions violated any specific subsection of § 1692f.  Instead, the Plaintiff alleges that the Defendant has violated § 1692f by failing to provide the Plaintiff, upon written request, with verification of the validity of the debt, and persisting in attempts to collect the debt. Although a debt collector's persisting in attempts to collect debt without providing a consumer, upon written request, with information verifying the validity of the debt might be characterized as an 'unfair practice', the proper vehicle for this type of claim is § 1692g(b), and not § 1692f. Accordingly, the *Plaintiff's 1692f claim is redundant*. It does not appear that any of Plaintiff's allegations in the Complaint give rise to a cause of action under § 1692f. Therefore, Defendant's Motion to Dismiss the Plaintiff's § 1692f claim is granted with leave to amend.

*Wood*, at *5-6.

Reporting Act ("FRCA").[5]  Being that ERS's alleged actions are approved and condoned both by statute and by FDCPA case law, there is simply no basis for plaintiff's claim that the alleged acts of Convergent Outsourcing were unfair or unconscionable.

**E.     Plaintiff's Section 1692g Claim Fails Because ERS's Initial Communication with Plaintiff Provided the Requisite Debt Notices.**

Section 1692g of the FDCPA requires that debts be validated upon request by a consumer, *unless* the initial communication to the consumer provided the statutory notices.  15 U.S.C. § 1692g.  Exhibit A to plaintiff's complaint makes clear that all of the debt notices were initially provided to plaintiff, and there was thus no further obligation by ERS.  FAC, Exh. A, pg. 4.

The statute states as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, *__unless the following information is contained in the initial communication__* or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g (emphasis added).

Plaintiff claims that ERS failed to respond to his April 11, 2010 letter requesting debt

---

[5] Plaintiff's FCRA claims were dismissed on defendant's first motion to dismiss.  Order, Dkt. No. 42, p. 2:11-12.

1    validation and no further collection activities.  FAC ¶ 76.  However, the initial letter sent to

2    plaintiff by ERS includes all of the requisite debt information and notices (amount, name of

3    creditor, and the 30-day notices regarding disputed debts and original creditors).  FAC, Exh. A,

4    p. 4.  In fact, the debt collection letter attached to plaintiff's complaint essentially quotes section

5    1692g verbatim and is obviously in compliance with the letter and spirit of this portion of the

6    FDCPA.  *Id.*  Thus, there was no requirement for ERS to send a debt validation notice because

7    ERS had *already provided* the requisite notices to plaintiff.

8    **F.     Because Plaintiff's Rosenthal Act Claim is Derivative of the FDCPA, and Because
         Plaintiff Cannot Establish Any Viable FDCPA Claim, the Rosenthal Act Claim**
9        **Should Be Dismissed.**

10               Plaintiff's amended complaint also includes a claim for violation of the Rosenthal Act.

11   This statute provides that a debt collector must comply with the FDCPA, making liability under

12   the statute *derivative* of the FDCPA.  *See* Cal. Civ. Code § 1788.17; *see also Makreas v. Moore*

13   *Law Group, A.P.C.*, 2011 U.S. Dist. LEXIS 117233, at *11 (N.D. Cal. Oct. 11, 2011) ("Section

14   1788.17 provides that, as a matter of California law, a debt collector must comply with 15 U.S.C.

15   §§ 1692b - 1692j, which sections constitute the substantive provisions of the FDCPA").  Given

16   that plaintiff cannot establish a violation of the FDCPA, as set forth above, his Rosenthal Act

17   claim should be dismissed as well.[6]

18   **G.     Plaintiff's Claims Based on Arizona Law Should be Dismissed Because They Do Not
         Provide for a Private Right of Action.**
19

20               As with plaintiff's original complaint, plaintiff has again improperly invoked laws for

21   which there is no private right of action.  Order, Dkt. No. 42, p. 1:20-21.  This time, these laws

22   are Arizona licensing statutes and regulations.

23               First, Plaintiff has included an allegation that Defendants have violated A.R.S. § 32-

24   1053(3).  This is a collection agency *licensing* statute and cannot be the basis for a lawsuit.  This

25   statute is titled "Denial, revocation or suspension of license" and reads as follows: "The

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [6] Plaintiff also cannot assert credit reporting violations under the Rosenthal Act because such a theory is preempted
     by the FRCA.  *Makreas v. Moore Law Group, A.P.C.*, 2011 U.S. Dist. LEXIS 117233, at *14-15 (N.D. Cal. Oct. 11,
28   2011) ("[T]o the extent the Third Cause of Action is based on a claim Moore violated the Rosenthal Act by
     providing incorrect information to credit reporting agencies, the Third Cause of Action is subject to dismissal
     without leave to amend.").

1    superintendent may deny a license to a person or suspend or revoke a license pursuant to title 41,

2    chapter 6, article 10 if the superintendent finds that an applicant or licensee . . . 3. Has violated

3    any applicable law, rule or order."  A.R.S. § 32-1053(3).  As is evident from the very wording of

4    the statute, this law pertains to whether a collection agency is properly licensed by the state of

5    Arizona.  Licensing statutes do not create a private right of action under Arizona law.  *See, e.g.,*

6    *Colberg v. Rellinger,* 770 P.2d 346, 352 (Ariz. Ct. App. 1988) (finding that Arizona contractor

7    licensing statutes did not create a private right of action) (disapproved on other grounds).

8          Moreover, in the *Rolle* decision, brought to the Court's and plaintiff's attention in

9    defendant's previously filed motion to dismiss, the Arizona district court held that A.R.S. § 32-

10   1051 et seq. does not provide for a private right of action.  *Rolle v. Law Office of Samuel*

11   *Streeter, PLLC*, 2010 U.S. Dist. LEXIS 26174 (D. Ariz. Mar. 1, 2010) ("While an unlicensed

12   collection agency may be guilty of a class 1 misdemeanor, see A.R.S. § 32-1056, the Rolles have

13   not pointed to any authority for a private cause of action against an unlicensed collection agency

14   acting in Arizona or for an unlicensed collection agency violating the duty to act fairly and

15   honestly with debtors.  The Court finds the Rolles have not stated an A.R.S. § 32-1051(3) claim

16   against Streeter on which they may recover.") (citations removed).  Thus, plaintiff's claim based

17   on this licensing statute should be dismissed.

18         Similarly, the Arizona Regulation invoked by plaintiff, A.A.C. R20-4-511, was

19   promulgated pursuant to A.R.S. § 32-1051 *et seq.*  Because the statute provides no private right

20   of action, the regulations promulgated thereto similarly do not provide a private right of action,

21   as regulations must not exceed the statute upon which their promulgation is authorized.  *See, e.g.,*

22   Administrative Procedure Act, 5 U.S.C. § 706 (prohibiting promulgation of regulations that

23   exceed statutory authority); A.R.S. § 41-1047 (providing for review of Arizona regulations to

24   determine if "consistent with statute and legislative intent").

25         Overall, plaintiff can state no claim under the Arizona laws he has cited, and defendants

26   request that the Court dismiss plaintiff's improper Arizona law violations for failure to state a

27   claim.

28

-14-

1

**H.      Plaintiff's First Amended Complaint Should Be Dismissed Without Leave to Amend.**

2

3       If the Court finds that plaintiff has again failed to state claims upon which relief may be

4   granted, it must then decide whether to grant plaintiff leave to amend.  Denial of leave to amend

5   is not an abuse of discretion if the district court could reasonably conclude that further

6   amendment would be futile.  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

7   A district court's discretion to deny leave to amend is particularly broad when the plaintiff has

8   previously amended the complaint.  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007

9   (9th Cir. 2009).  In that situation, the plaintiff's failure to supply new facts in the amended

10  complaint supports denial of further leave to amend.  *Allen v. City of Beverly Hills*, 911 F.2d 367,

11  373 (9th Cir. 1990).  Here, the Court gave plaintiff an opportunity to amend his complaint in

12  granting defendants' prior motion to dismiss.  Yet, plaintiff again has failed to state any viable

13  cause of action, and further amendment would be futile.  Thus, dismissal without leave to amend

14  is proper.

15                           **V.      CONCLUSION**

16       For the reasons set forth above, this Court should dismiss the claims alleged by plaintiff

17  against Convergent Outsourcing, LLC, formerly known as ER Solutions, Inc., Convergent

18  Resources, Inc., Convergent Resources Holdings, LLC, and Silver Oak Services Partners, LLC

19  without leave to amend.

20  Dated:  April 9, 2012                          Respectfully submitted,

21                                                 GORDON & REES LLP

22                                          by  /s/ Craig J. Mariam

23                                                 Craig J. Mariam
                                                   Michelle J. Wells
24                                                 Attorneys for defendants
                                                   Convergent Outsourcing, LLC, f/k/a ER
25                                                 Solutions, Inc., Convergent Resources,
                                                   Inc., Convergent Resources Holdings,
26                                                 LLC, Silver Oak Services Partners, LLC

27

28